IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) Case No. 2:22-cv-00621-PP<br>) |
| Plaintiff, | ) |
| v. | )<br>)<br>) |
| MARK PETERS and ROSEMARY PETERS, | )<br>)<br>) |
| Defendants. | )<br>) |

**UNITED STATES' STATEMENT OF UNDISPUTED MATERIAL FACTS UNDER CIVIL L.R. 56(B)(1)(C)**

The United States respectfully submits its statement of undisputed material facts, pursuant to Fed. R. Civ. P. 56 and Civil L.R. 56(b)(1)(C), to support its motion for summary judgment against Mark D. Peters and Rosemary L. Peters.

The United States filed the above-captioned suit to reduce to judgment assessments for income tax, penalties, and interest, made against Mark Peters and Rosemary Peters as detailed below.

**DEFENDANTS' 2008 TAX YEAR**

1. In 2008, Mark D. Peters owned and operated a sole proprietorship called Pure Water Concepts. (Declaration of Trial Attorney Elizabeth Kirby ("Kirby Decl."),

1

Exhibit 11 attached thereto, United States' First Requests for Admission to Mark D. Peters ("M. Peters RFA") Nos. 1–3.)[1]

2. Through his work in 2008, Mark Peters earned $146,993.01 in income. (Kirby Decl., Exhibit 11, M. Peters RFA Nos. 5, 6; Declaration of IRS Revenue Agent Greg Jackson ¶ 16.)

3. Mark Peters deposited his 2008 income into two bank accounts he maintained at First Banking Center. (Kirby Decl., Exhibit 11, M. Peters RFA Nos. 8, 13.)

4. Of the two bank accounts where Mark Peters deposited his income, one was held jointly with Rosemary L. Peters and the other was held in the name of "Mark D.

---

[1] Mark Peters failed to respond to the Government's Rule 36 Requests for Admission within thirty days. (*See* Kirby Decl. ¶ 7). As a result, each statement contained therein is deemed admitted and is conclusively established against him. *See* Fed. R. Civ. P. 36(a)(4), (b); *United States v. Kasuboski*, 834 F.2d 1345, 1349 (7th Cir. 1987) ("Rule 36(a) of the Federal Rules of Civil Procedure clearly provides that a party must answer each matter for which an admission is requested within 30 days or the matter is deemed admitted."). Deemed admissions can provide a basis for summary judgment. *Burdick v. Koerner*, 179 F.R.D. 573, 576 (E.D. Wis. 1998) ("[A]dmissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment.") (citing *Kasuboski*, 834 F.2d at 1350).

Pro se parties are not immune from Rule 36. *In re Greene*, 310 F. App'x 17, 20 (7th Cir. 2009) (Where a party proceeds pro se and does not timely respond to a Request For Admissions, the statements are deemed admitted against that party and the party's pro se status does not permit that party to ignore the requirements of Rule 36.) (citing *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001)). And in suits to reduce tax, interest, and penalty assessments to judgment, deemed admissions can certainly support summary judgment being entered against a pro se party. *See, e.g.*, *United States v. Klimek*, 952 F. Supp. 1100, 1103 n.1, 1111–12 (E.D. Pa. 1997) (Tax defier's refusal to answer resulted in RFAs being deemed admitted against him); *United States v. Bevan*, No. 2:07-CV-1944, 2008 WL 5179099, at *5–6 (E.D. Cal. Dec. 10, 2008) (failure to respond to government's RFAs resulted in deemed admissions and supported summary judgment against pro se taxpayers), *R. & R. adopted sub nom. United States v. Kimball*, 2009 WL 151136 (E.D. Cal. Jan. 21, 2009).

Peters DBA Pure Water Concepts." (Kirby Decl., Exhibit 11, M. Peters RFA Nos. 9, 11, 13.)

5. In 2008, Rosemary L. Peters earned $1,901 in wage income from employment with Felle & Beck Inc. (Kirby Decl., Exhibit 13, United States' First Requests for Admission to Rosemary L. Peters ("R. Peters RFA") Nos. 1–2;[2] Declaration of IRS Revenue Agent Greg Jackson ¶ 17.)

6. Rosemary Peters also received $7,832 of unemployment income from the State of Wisconsin in 2008. (Kirby Decl., Exhibit 13, R. Peters RFA Nos. 4–5; Declaration of IRS Revenue Agent Greg Jackson ¶ 17.)

7. In 2008, Rosemary Peters had an interest in an IRA held by Primerica Shareholder Services. (Kirby Decl., Exhibit 13, R. Peters RFA Nos. 6–7.)

8. In 2008, Primerica Shareholder Services distributed $1,340 to Rosemary Peters from her IRA. (Kirby Decl., Exhibit 13, R. Peters RFA No. 8; Declaration of IRS Revenue Agent Greg Jackson ¶ 17.)

9. On or about November 12, 2010, after the tax return filing deadline had passed, Mark Peters and Rosemary Peters jointly filed a Form 1040 federal income tax return for tax year 2008 with the Internal Revenue Service ("IRS"), reporting just $703 in taxes owed. (Declaration of IRS Revenue Agent Greg Jackson ¶ 5; Exhibit 6.)

---

[2] Rosemary Peters also failed to respond to Requests for Admission that the Government had served on her within thirty days. (*See* Kirby Decl., ¶ 8.) Therefore, the statements contained therein are admitted against under the authorities cited in footnote 1, *supra*.

3

10. On their joint income tax return for 2008, Mark Peters and Rosemary Peters reported to the IRS that their joint income for the year was $21,320. (Declaration of IRS Revenue Agent Greg Jackson ¶ 5; Exhibit 6.)

11. But for tax year 2008, Mark Peters and Rosemary Peters's actual income was $146,993. (Declaration of IRS Revenue Agent Greg Jackson ¶ 16.)

12. The IRS determined the amount of Mark and Rosemary's actual income for 2008 through an analysis of their bank deposits.[3] (Declaration of IRS Revenue Agent Greg Jackson ¶¶ 12–16.)

13. Mark Peters and Rosemary Peters did not pay federal income tax on their income of $146,993 for tax year 2008. (Kirby Decl., Exhibit 11, M. Peters RFA No. 15.)

14. Because Mark Peters and Rosemary Peters underreported their actual 2008 income, they also incorrectly understated their total tax due by $42,678. (Declaration of IRS Revenue Agent Greg Jackson ¶ 19.)

15. As a result, a delegate of the Secretary of the Treasury made assessments against Mark Peters and Rosemary Peters for unpaid 2008 federal income taxes, interest,

---

[3] Taxpayers are required to maintain records that show or establish income, as well as deductions or credits. *See* 26 U.S.C. § 6001; 26 C.F.R. 1.6001-1. The Service can require a taxpayer to provide such records to determine their tax liability. 26 U.S.C. §§ 6001, 7602. "If a taxpayer fails to maintain and produce the required books and records to prove income, the IRS may determine the taxpayer's income by any method that 'clearly reflect[s] income.'" *Greene v. United States*, No. 14-cv-08021, 2016 WL 1644008, at *3 (D. Ariz. Apr. 26, 2016). One such method is through analysis of bank deposits. This method adds together the deposits found in bank accounts over which the taxpayer has control to reconstruct the taxpayer's income. *Id.* at *3–4; *see also United States v. Gosnell*, 961 F.2d 1518, 1520 (10th Cir. 1992) ("Because [the taxpayer] kept inadequate records, the government was entitled to reconstruct his income and expenses, using estimates if necessary.").

and civil penalties as identified below. (Declaration of IRS Revenue Officer/Advisor Pat Kosmatka ¶ 11; Exhibit 1 (attached thereto), certified IRS Form 4340, Certificates of Assessments and Payments[4] regarding the Peters' 2008 tax year; Declaration of IRS Revenue Agent Greg Jackson ¶ 20.)

| Tax Year | Assessment Type | Assessment Date | Amount Assessed |
|---|---|---|---|
| 2008 | Income Tax | 2/14/2011 | $703.00 |
| | | 7/23/2012 | $43,026.00 |
| | Interest | 7/23/2012 | $7,484.84 |
| | Failure to Pay Tax Penalty | 7/23/2012 | $8,537.02 |
| | | 10/27/2014 | $2,133.90 |
| | Failure to Timely File Penalty | 2/14/2011 | $15.00 |
| | | 7/23/2012 | $10,680.25 |
| | Accuracy-Related Penalty | 7/23/2012 | $8,535.60 |

16. The IRS gave Mark Peters and Rosemary Peters notices of the assessments referred to above and made demands for payment on the dates of the assessments. (Declaration of IRS Revenue Officer/Advisor Pat Kosmatka ¶ 12; Exhibit 1 (attached thereto), certified IRS Form 4340, Certificates of Assessments and Payments regarding the Peters' 2008 tax year.)

---

[4] "[A] Form 4340 is a transcript that specifies that name of the taxpayer, the taxpayer's address, social security number, type and amount of tax involved, and the date of each assessment." *Long v. United States*, 972 F.2d 1174, 1181 n.8 (10th Cir. 1992); *United States v. Meyer*, 914 F.3d 592, 594 (8th Cir. 2019) (An "IRS Form 4340 . . . 'is a computer generated form that reflects the taxes assessed to and paid by the taxpayer in a particular year.'") (quoting *United States v. Jimenez*, 513 F.3d 62, 79 n.4 (3d Cir. 2008)).

5

17. As of May 11, 2023, the balance of the 2008 assessments, with accrued interest, totals $120,165.86. (Declaration of IRS Revenue Officer/Advisor Pat Kosmatka ¶¶ 11, 24.)

18. As of May 11, 2023, Mark Peters and Rosemary Peters owe the Government $120,165.86, regarding their 2008 joint income tax liabilities plus interest that has and will continue to accrue thereon. (Declaration of IRS Revenue Officer/Advisor Pat Kosmatka ¶¶ 11, 24–25.)

**DEFENDANT MARK PETERS'S 2009 TAX YEAR**

19. In 2009, Mark Peters earned $100,382 in self-employment income as a sole proprietor doing business as Pure Water Concepts. (Kirby Decl., Exhibit 11, M. Peters RFA Nos. 17–19; Declaration of IRS Revenue Agent Greg Jackson ¶ 24.)

20. Mark Peters deposited this 2009 income into bank accounts he maintained at First Banking Center. (Kirby Decl., Exhibit 11, M. Peters RFA No. 22.)

21. For tax year 2009, the IRS determined Mark Peters's income through an analysis of his bank deposits. (Declaration of IRS Revenue Agent Greg Jackson ¶¶ 23–24.)

22. Mark Peters did not pay federal income tax on the $100,382 of self-employment income that he earned in tax year 2009. (Kirby Decl., Exhibit 11, M. Peters RFA No. 25.)

23. Mark Peters failed to file a federal income tax return with the IRS for tax year 2009. (Kirby Decl., Exhibit 11, M. Peters RFA Nos. 23–24; Declaration of IRS Revenue Agent Greg Jackson ¶ 23.)

24. On the dates and in the amounts specified below, a delegate of the Secretary of the Treasury made assessments against Mark Peters for unpaid federal income taxes, interest, and penalties. (Declaration of IRS Revenue Officer/Advisor Pat Kosmatka ¶ 17; Exhibit 2 (attached thereto), Form 4340 certified IRS Form 4340, Certificates of Assessments and Payments regarding Mark Peters's 2009 tax year; Declaration of IRS Revenue Agent Greg Jackson ¶ 28.)

| Tax Year | Assessment Type | Assessment Date | Amount Assessed |
|---|---|---|---|
| 2009 | Income Tax | 7/30/2012 | $19,765.00 |
| | Interest | 7/30/2012 | $1,998.37 |
| | Failure to File Tax Penalty | 7/30/2012 | $4,357.13 |
| | Failure to Pay Tax Penalty | 7/30/2012 | $2,711.10 |
| | | 11/18/2013 | $26.00 |
| | | 10/27/2014 | $2,104.14 |

25. The IRS gave Mark Peters notices of the assessments referred to above and made demands for payment on the dates of each assessment. (Declaration of IRS Revenue Officer/Advisor Pat Kosmatka ¶ 18; Exhibit 2, Form 4340 certified IRS Form 4340, Certificates of Assessments and Payments regarding Mark Peters's 2009 tax year.)

26. As of May 11, 2023, Mark Peters owes $47,948.77 for the 2009 assessments plus interest that has and will continue to accrue thereon. (Declaration of IRS Revenue Officer/Advisor Pat Kosmatka ¶¶ 17, 24–25.)

**DEFENDANT MARK PETERS'S 2010 TAX YEAR**

27. In 2010, Mark Peters worked for One Twenty Four LLC and earned at least $2,631 for this work. (Kirby Decl., Exhibit 11, M. Peters RFA Nos. 26–27; Declaration of IRS Revenue Agent Greg Jackson ¶ 26; Exhibit 9, 2010 IRP Data.)[5]

28. One Twenty Four LLC reported to the IRS that it paid Mark Peters $2,631 for work he did in 2010. (Declaration of IRS Revenue Agent Greg Jackson ¶ 26; Exhibit 9, 2010 IRP Data.)

29. In 2010, Mark Peters also worked for Lightyear Network Solutions LLC and earned at least $661 for this work. (Kirby Decl., Exhibit 11, M. Peters RFA Nos. 28–29; Declaration of IRS Revenue Agent Greg Jackson ¶ 26; Exhibit 9, 2010 IRP Data.)

30. Lightyear Network Solutions LLC reported to the IRS that it paid Mark Peters $661 for the work he did in 2010. (Declaration of IRS Revenue Agent Greg Jackson ¶ 26; Exhibit 9, 2010 IRP Data.)

---

[5] "As for evidentiary sufficiency, the IRS materials reflecting assessments made on the basis of specific third-party reports of income satisfied the minimal evidentiary foundation required to trigger the presumption of correctness." *United States v. Goodman*, 527 F. App'x 697, 699 (10th Cir. 2013).

31. In 2010, Mark Peters further worked for Wacker Neuson Corporation and earned at least $1,603 for doing this work. (Kirby Decl., Exhibit 11, M. Peters RFA Nos. 30–31; Declaration of IRS Revenue Agent Greg Jackson ¶ 26; Exhibit 9, 2010 IRP Data.)

32. Wacker Neuson Corporation reported to the IRS that it paid Mark Peters $1,603 for the work he did in 2010. (Declaration of IRS Revenue Agent Greg Jackson ¶ 26; Exhibit 9, 2010 IRP Data.)

33. In 2010, Mark Peters also worked for Amega Worldwide Inc. and earned at least $105,969 for doing this work. (Kirby Decl., Exhibit 11, M. Peters RFA Nos. 32–33; Declaration of IRS Revenue Agent Greg Jackson ¶ 26; Exhibit 9, 2010 IRP Data.)

34. Amega Worldwide Inc. reported to the IRS that it paid Mark Peters $105,969 for the work he did in 2010. (Declaration of IRS Revenue Agent Greg Jackson ¶ 26; Exhibit 9, 2010 IRP Data.)

35. For tax year 2010, the IRS determined that Mark Peters had income of $110,864 by using information reports that the third parties identified above filed with the IRS. (Declaration of IRS Revenue Agent Greg Jackson ¶ 26, Exhibit 9, 2010 IRP Data.)

36. Mark Peters did not pay federal income taxes on the $110,864 he earned in 2010. (Kirby Decl., Exhibit 11, M. Peters RFA Nos. 34, 37.)

37. Mark Peters failed to file a federal income tax return with the IRS for tax year 2010. (Kirby Decl., Exhibit 11, M. Peters RFA Nos. 35–36.)

38. On the dates and in the amounts specified below, a delegate of the Secretary of the Treasury made assessments against Mark Peters for unpaid federal income taxes, interest, and penalties for tax year 2010. (Declaration of IRS Revenue Officer/Advisor Pat Kosmatka ¶¶ 15, 17; Exhibit 3 (attached thereto), Form 4340 certified IRS Form 4340, Certificates of Assessments and Payments regarding Mark Peters's 2010 tax year.)

| Tax Year | Assessment Type | Assessment Date | Amount Assessed |
|---|---|---|---|
| 2010 | Income Tax | 12/02/2013 | $36,016.00 |
| | Interest | 12/02/2013 | $3,674.88 |
| | Failure to File Tax Penalty | 12/02/2013 | $8,103.60 |
| | Failure to Pay Tax Penalty | 12/02/2013 | $5,762.56 |
| | | 11/02/2015 | $3,241.44 |

39. The IRS gave Mark Peters notices of the 2010 assessments referred to above and made demands for payment on the dates of each assessment. (Declaration of IRS Revenue Officer/Advisor Pat Kosmatka ¶ 18; Exhibit 3, Form 4340 certified IRS Form 4340, Certificates of Assessments and Payments regarding Mark Peters's 2010 tax year.)

40. As of May 11, 2023, Mark Peters owes $84,220.23 for the 2010 assessments plus interest that has and will continue to accrue thereon. (Declaration of IRS Revenue Officer/Advisor Pat Kosmatka ¶¶ 17, 19.)

## DEFENDANT MARK PETERS'S 2011 TAX YEAR

41. In 2011, Mark Peters worked for One Twenty Four LLC and earned at least $2,358 for doing this work. (Kirby Decl., Exhibit 11, M. Peters RFA Nos. 38–39; Declaration of IRS Revenue Agent Greg Jackson ¶ 27; Exhibit 10, IRP Data.)

42. One Twenty Four LLC reported to the IRS that it paid Mark Peters $2,358 for the work he did in 2011. (Declaration of IRS Revenue Agent Greg Jackson ¶ 27; Exhibit 10, IRP Data.)

43. In 2011, Mark Peters worked for Wacker Neuson Corporation and earned at least $1,175 for doing this work. (Kirby Decl., Exhibit 11, M. Peters RFA Nos. 40–41; Declaration of IRS Revenue Agent Greg Jackson ¶ 27; Exhibit 10, IRP Data.)

44. Wacker Neuson Corporation reported to the IRS that it paid Mark Peters $1,175 for the work he did in 2011. (Declaration of IRS Revenue Agent Greg Jackson ¶ 27; Exhibit 10, IRP Data.)

45. In 2011, Mark Peters worked for Amega Worldwide Inc. and earned at least $12,144 for doing this work. (Kirby Decl., Exhibit 11, M. Peters RFA Nos. 42–43; Declaration of IRS Revenue Agent Greg Jackson ¶ 27; Exhibit 10, IRP Data.)

46. Amega Worldwide Inc. reported to the IRS that it paid Mark Peters $12,144 for the work he did in 2011. (Declaration of IRS Revenue Agent Greg Jackson ¶ 27; Exhibit 10, IRP Data.)

47. For tax year 2011, the IRS determined that Mark Peters had income of $15,677 by using information reports that third parties identified above filed with the IRS. (Declaration of IRS Agent Greg Jackson ¶ 27; Exhibit 10, IRP Data.)

48. Mark Peters did not pay federal income taxes on the $15,677 he earned in 2011. (Kirby Decl., Exhibit 11, M. Peters RFA Nos. 44, 47.)

49. Mark Peters failed to file a federal income tax return with the IRS for tax year 2011. (Kirby Decl., Exhibit 11, M. Peters RFA Nos. 45–46.)

50. On the dates and in the amounts specified below, a delegate of the Secretary of the Treasury made assessments against Mark Peters for unpaid federal income taxes, interest, and penalties for tax year 2011. (Declaration of IRS Revenue Officer/Advisor Pat Kosmatka ¶¶ 17, 38; Exhibit 4 (attached thereto), certified IRS Form 4340, Certificates of Assessments and Payments regarding Mark Peters's 2011 tax year.)

| Tax Year | Assessment Type | Assessment Date | Amount Assessed |
|---|---|---|---|
| 2011 | Income Tax | 12/15/2014 | $2,434.00 |
| | Interest | 12/15/2014 | $248.31 |
| | Failure to File Tax Penalty | 12/15/2014 | $547.65 |
| | Failure to Pay Tax Penalty | 12/15/2014 | $389.44 |
| | | 10/31/2016 | $219.06 |

51. The IRS gave Mark Peters notices of the assessments referred to above and made demands for payment on the dates of each assessment. (Declaration of IRS Revenue Officer/Advisor Pat Kosmatka ¶¶ 18, 39; Exhibit 4, certified IRS Form 4340, Certificates of Assessments and Payments regarding Mark Peters's 2011 tax year.)

52. As of May 11, 2023, Mark Peters owes $5,521.09 for the 2011 assessments plus interest that has and will continue to accrue thereon. (Declaration of IRS Revenue Officer/Advisor Pat Kosmatka ¶¶ 24, 25.)

**DEFENDANT ROSEMARY PETERS'S 2009 TAX YEAR**

53. In 2009, Rosemary Peters received $10,055 in unemployment income from the state of Wisconsin. (Kirby Decl., Exhibit 13, R. Peters RFA Nos. 14–15; Declaration of IRS Revenue Agent Greg Jackson ¶ 23; Exhibit 8, IRP Data.)

54. Rosemary Peters did not pay federal income taxes on the $10,055 unemployment income she received in 2009. (Kirby Decl., Exhibit 13, R. Peters RFA No. 19.)

55. Rosemary Peters failed to file a federal income tax return with the IRS for tax year 2009. (Kirby Decl., Exhibit 13, R. Peters RFA Nos. 17–18; Declaration of IRS Revenue Agent Greg Jackson ¶ 21.)

56. For tax year 2009, the IRS determined Rosemary Peters's income through an analysis of bank deposits and a review of third-party payor information returns filed with the IRS. (Declaration of IRS Revenue Agent Greg Jackson ¶ 21; Exhibit 8, IRP Data.)

57. On the dates and in the amounts specified below, a delegate of the Secretary of the Treasury made assessments against Rosemary Peters for unpaid federal income taxes, interest, and penalties for tax year 2009. (Declaration of IRS Revenue Officer/Advisor Pat Kosmatka ¶ 21; Exhibit 5 (attached thereto), certified IRS Form 4340, Certificates of Assessments and Payments regarding

Rosemary Peters's 2009 tax year; Declaration of IRS Revenue Agent Greg Jackson ¶ 25.)

| Tax Year | Assessment Type | Assessment Date | Amount Assessed |
|---|---|---|---|
| 2009 | Income Tax | 7/30/2012 | $7,356.00 |
| | Interest | 7/30/2012 | $717.82 |
| | Failure to File Tax Penalty | 7/30/2012 | $1,565.10 |
| | Failure to Pay Tax Penalty | 7/30/2012 | $973.84 |
| | | 10/10/2016 | $765.16 |

58. The IRS gave Rosemary Peters notices of the assessments referred to above and made demands for payment on the dates of each assessment. (Declaration of IRS Revenue Officer/Advisor Pat Kosmatka ¶ 22; Exhibit 5, certified IRS Form 4340, Certificates of Assessments and Payments regarding Rosemary Peters's 2009 tax year.)

59. As of May 11, 2023, Rosemary Peters owes $17,016.59 for the 2009 assessments plus interest that has and will continue to accrue thereon. (Declaration of IRS Revenue Officer/Advisor Pat Kosmatka ¶¶ 24, 25.)

**AMOUNTS CURRENTLY DUE FROM EACH DEFENDANT**

60. Statutory additions, such as interest, continue to accrue until the liabilities are paid in full. (Declaration of IRS Revenue Officer/Advisor Pat Kosmatka ¶ 25.)[6]

---

[6] The amount of statutory interest is a matter of law, not a matter of evidence, and thus the United States does not have to prove up this amount. *See United States v. Harmon*, 277 F. App'x 560, 568 (6th Cir. 2008).

61. As of May 11, 2023, the total balances for each period, including those statutory additions, are as follows:

| Party | Tax Period | Balance as of May 11, 2023 |
|---|---|---|
| Mark Peters & Rosemary Peters | 2008[7] | $120,165.86 |
| Mark Peters | 2009[8] | $47,948.77 |
| Mark Peters | 2010[9] | $84,220.23 |
| Mark Peters | 2011[10] | $5,521.09 |
| Rosemary Peters | 2009[11] | $17,016.59 |

(Declaration of IRS Revenue Officer/Advisor Pat Kosmatka ¶ 24.)

Dated: May 15, 2023

    Respectfully submitted,

    DAVID A. HUBBERT
    Deputy Assistant Attorney General

    */s/ Elizabeth A. Kirby*
    ELIZABETH A. KIRBY
    #24104199 (TX)
    U.S. Department of Justice, Tax Division
    P.O. Box 7238
    Washington, D.C. 20044
    202-305-8656 (phone)
    202-514-6770 (fax)
    Elizabeth.A.Kirby@usdoj.gov
    *Counsel for United States*

---

[7] (*See* ECF No. 1, Compl., Count I.)
[8] (*See* ECF No. 1, Compl., Count II.)
[9] (*See id.*)
[10] (*See id.*)
[11] (*See* ECF No. 1, Compl., Count III.)

15