UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

MARK D. PETERS
and ROSEMARY L. PETERS,

        Defendants.

Case No. 22-cv-621-pp

**ORDER DENYING DEFENDANTS' MOTION TO COMPEL (DKT. NO. 15), DENYING DEFENDANTS' MOTION FOR HEARING ON MOTION TO COMPEL (DKT. NO. 16) AND DENYING DEFENDANTS' MOTION TO RECUSE JUDGE PAMELA PEPPER (DKT. NO. 23)**

The plaintiff, the United States of America, filed this suit to reduce to judgment assessments made against defendants Mark and Rosemary Peters for unpaid federal income taxes, interest and penalties for tax years 2008, 2009, 2010 and 2011. Dkt. No. 1. The defendants filed a response denying that they have a legal duty to file and pay the assessments for the tax years at issue. Dkt. No. 5. On December 7, 2022—after receiving proposed Rule 26(f) plans from both parties and objections from the defendants—the court issued a scheduling order. Dkt. No. 14. That order required the parties to complete discovery by April 1, 2023 and set a deadline of May 15, 2023 by which to file dispositive motions. Id.

On February 9, 2023, two months after it issued the scheduling order, the court received from the defendants "The Peter's Motion to Compel Plaintiff

1

for a Full and Complete Discovery Response." Dkt. No. 15. The defendants cited Federal Rules of Civil Procedure 33, 34[1] and 37, asking the court to compel "full and complete responses to First Discovery Request, Interrogatories, and Document Requests, to Plaintiffs."[2] Id. at ¶5. The defendants assert that the plaintiff's responses to their "individual questions of discovery" "have no discovery value," and they contest the "Plaintiff's claim that [it is] not required to answer further due to excessiveness (over the 25-question limit)." Id. at ¶¶6-8. The defendants indicate that "[t]he parties engaged in a telephonic meet and confer on February 7, 2023 and were **not** able to narrow their discovery disputes." Id. at ¶9. The defendants ask that the court "enter an order compelling Plaintiffs to provide full and complete responses to Interrogatory No. 1 through __ ?" "[a]nd also provide all documents requested to supplement, give full transparency, as to the Plaintiff's answered Interrogatories." Id. at ¶11. The defendants submitted with their motion to compel a separate request for a hearing. Dkt. No. 16. The defendants did not cite 28 U.S.C. §1746 or indicate that they were filing their motion under

---

[1] Though the defendants' motion refers to Federal Rule of Civil Procedure 34 (requests to produce documents), the plaintiff has submitted a declaration averring that the defendants have not served any Rule 34 requests to produce documents. Dkt. No. 19-1 at ¶8. The defendants confirmed in their reply that their motion does not seek to compel the production of documents. Dkt. No. 20 at ¶12.

[2] The defendants sometimes refer to the "plaintiff" singular and sometimes to the "plaintiffs" plural. There is a single plaintiff—the United States of America.

2

penalty of perjury. Nor did they attach to the motion declarations verified under 28 U.S.C. §1746.

This district's Civil Local Rule 37 and Federal Rule of Civil Procedure 37(a)(1) impose several requirements on parties before they may file a motion to compel. Fed. R. Civ. P. 37; Civil L.R. 37 (E.D. Wis.). The federal rules require parties to certify that they have "in good faith conferred or attempted to confer" to resolve the discovery dispute without seeking court intervention. Fed. R. Civ. P. 37(a)(1). Under the corresponding local rule, a party moving to compel also must certify that the parties were "unable to reach an accord," and must provide the dates and times of the conferences, as well as the names of the parties present. Civil L.R. 37. "These rules exist because parties are often able to reach an agreement before involving the court, which saves both the parties and the court time and resources." Anderson v. Cieszynski, Case No. 20-C-562, 2021 WL 3421447, at *2 (E.D. Wis. Aug. 5, 2021).

The plaintiff urges the court to deny the defendants' motion to compel because, it argues, the defendants did not follow Fed. R. Civ. P. 37(a) and Civil L.R. 37. Dkt. No. 19 at 2.[3] With its opposition brief, plaintiff's counsel filed an unsworn declaration under 28 U.S.C. §1746, attesting that the plaintiff had initiated the February 7, 2023 call—which the defendants describe as the parties' unsuccessful "telephonic meet and confer"—"to inquire and confer

---

[3] The plaintiff also correctly points out that the defendants did not comply with Civil Local Rule 7(a)(1), which requires every motion to be accompanied by either a supporting memorandum and, if appropriate, affidavits or declarations, or a certificate stating that no memoranda or other supporting documents will be filed. Dkt. No. 19 at 7.

3

about Defendants' past-due Rule 26(a)(1) disclosures." Dkt. No. 19-1 at ¶2. The plaintiff's counsel avers that during the call, defendant Mark Peters[4]

> did not consult with me about any of the United States' responses to the interrogatories he and his co-defendant propounded. He did not ask me if the United States would supplement its responses or withdraw its objections. Nor did he tell me that he had a concern or an issue with any particular response.

Id. at ¶6. Counsel avers that "the only question Mr. Peters raised concerned how the United States counted the number of interrogatories the Defendants jointly served on the government." Id.

In their reply brief, the defendants dispute the government's account of the February 7 call, asserting that "Defendant" conversed with the plaintiff's counsel by phone and that "Plaintiff was thereby noticed that Plaintiff failed to answer any request for discovery as was mailed to Plaintiff on or about _09/21/2022." Dkt. No. 20 at ¶2. The defendants assert that "Defendant" told counsel for the plaintiff "that not one discovery was answered and that they are expected to answer reasonable questions." Id. The defendants stated that counsel for the plaintiff "stated they will not give a future response," and that "Defendant added that this call is to try and avoid a motion to copell [sic]." Id. The defendants cited 28 U.S.C. §1746 in signing the reply brief. Id. at p. 4.

The court has noted that the defendants' *motion* was not signed under penalty of perjury or verified under 28 U.S.C. §1746. The motion made only an

---

[4] The plaintiff's counsel avers that also on the call were a paralegal with the U.S. Department of Justice and a man whom defendant Mark Peters called "Paul Hansen" and referred to as Mr. Peters' "Sixth Amendment Counsel." Dkt. No. 19-1 at ¶3. There is no indication that co-defendant Rosemary Peters was on the call.

4

unverified, unsworn assertion that "[t]he parties engaged in a telephonic meet and confer on February 07, 2023 and were not able to narrow their discovery disputes." Dkt. No. 15 at ¶10. The unsworn, unverified assertion that the parties "engaged in a telephonic meet and confer" does not state that the parties conferred in good faith to address the defendants' discovery concerns before seeking court involvement.

The motion states that the parties "were not able to narrow their discovery disputes" during the February 7 meet and confer. Dkt. No. 15 at ¶9. But "[t]he meet and confer requirement set forth in Rule 37 does not simply mean that the parties . . . met and conferred generally on discovery issues." Milwaukee Elec. Tool Corp. v. Chevron N. Am., Inc., No. 14-CV-1289, 2015 WL 4393896, at *2 (E.D. Wis. July 16, 2015). The meet-and-confer requirement requires "that the parties have met specifically on those matters that are the subject of a motion to compel after they were unable to reach an accord." Id.; see also Wilbur v. County of Waukesha, Case No. 14-CV-0046, 2016 WL 4082666, at *2 (E.D. Wis. July 29, 2016) ("It is a deliberate imperative for the parties to confer outside of the courthouse and seek a resolution to discovery disputes without the intervention of the court. 'What matters is that there is a true-back-and-forth dialogue.'" (quoting Vukadinovich v. Hanover Cmty. Sch. Corp., Cause No. 13-CV-144, 2014 WL 667830, at *3 (N.D. Ind. Feb. 20, 2014)). The defendants' assertion that there was an unsuccessful attempt to meet and confer about "discovery disputes" does not satisfy their requirement to certify their efforts to confer in good faith. And the fact that they are

5

representing themselves does not excuse the defendants from meeting requirement. See Collins v. Illinois, 554 F.3d 693, 697 (7th Cir. 2009) ("As we have repeatedly held, even *pro se* litigants must follow procedural rules.").

The defendants' reply brief *is* verified under 28 U.S.C. §1746, and the version of the conversation it recounts conflicts with the version recounted by the plaintiff's counsel in her verified declaration. But the additional details in the defendants' reply brief do not solve the problem. The defendants assert that the "Defendant"—although it does not say which one—spoke by phone with the plaintiff's counsel. Dkt. No. 20 at ¶2. They indicate that this conversation "noticed" the plaintiff that the plaintiff had not answered any discovery requests. Id. The defendants indicate that the plaintiff asserted that it had no obligation to respond, and that the defendants reiterated that the discovery had not been answered and that the plaintiff was expected to answer. Id. The defendants' verified declaration does not explain how the defendants tried, in good faith, to work out any disputes about the discovery, or even what the discovery disputes were.

Even if the defendants had complied with the meet-and-confer requirements of the federal and local versions of Rule 37, the court would not be in a position to grant their motion to compel. The motion does not describe the information the defendants seek to compel, nor does it identify which of the plaintiff's responses to specific interrogatories need supplementing. The motion generally asserts that the plaintiff's responses to the defendants' interrogatories "have no discovery value," dkt. no. 15 at ¶8, and, on that basis, ask the court

6

to "enter an order compelling Plaintiffs to provide full and complete responses to Interrogatory No. 1 through __ ?. And also provide all documents requested to supplement, give full transparency, as to the Plaintiff's answered Interrogatories," id. at ¶11. The defendants do not explain what they mean when they say that the government's responses "have no discovery value," nor what they mean by "Interrogatory No. 1 through __?." It appears that the plaintiff provided the defendants with discovery responses, but that the defendants are not satisfied with those responses. But because the defendants have not explained what they received, what they think they should have received that they did not and what they believe was deficient about what they did receive, the court has no way to determine whether there is even a basis to hold a hearing, much less a basis for granting a motion to compel.

Because the defendants did not include with their motion (1) copies of the specific interrogatories, previously served on the plaintiff, that they want the plaintiff to answer and (2) copies of the plaintiff's responses that they claim require supplemental answers, the court has no basis for granting the motion. The court cannot, for example, order the plaintiff to answer each of the defendants' interrogatories without first knowing what the interrogatories ask. The court cannot deem as insufficient any of the plaintiff's responses—and order the plaintiff to supplement the responses—without first assessing those responses. See Jones v. Frank, Case No. 19-cv-1307, 2023 WL 403944, at *2 (S.D. Ill. Jan. 25, 2023) ("When a party does not adequately specify the exact discovery requests it is seeking to compel and fails to provide a copy of the

7

discovery requested and the corresponding response, the Court cannot make any kind of determination regarding relevancy and the sufficiency of Defendants' answer to each discovery request."); Harris v. Kado, Case No. 06-C-1290, 2009 WL 10699895, *2 (E.D. Wis. May 15, 2009) ("[T]he record does not reveal a copy of the defendant's response thereby making it impossible to evaluate the validity of any objections the defendant may have raised [regarding the response]."). Because the defendants' motion to compel does not provide substantive information about the information the defendants seek to compel or a basis for the court to compel the plaintiff to provide the defendants' requested relief, the court will deny the motion.

To the extent the plaintiff claims that the defendants have exceeded their interrogatory limit, and the defendants take issue with the plaintiff's refusal to answer any additional interrogatories, some information about Fed. R. Civ. P. 33 and Civil L.R. 33 (E.D. Wis.) may be useful to the defendants.[5] Federal Rule of Civil Procedure 33 limits a party to "no more than 25 written interrogatories, including all discrete subparts,"[6] unless the party seeking to serve additional

---

[5] While the plaintiff attests that it already has provided the defendants with this information, dkt. no. 19-1 at ¶5, the court nevertheless provides it here.

[6] Though "[t]here is no bright-line test on how to count parts of interrogatories[,]" United States ex rel. Liotine v. CDW-Gov. Inc., Civil No. 05-033, 2010 WL 2025363, at *1 (S.D. Ill. May 20, 2010), "Wright & Miller suggest that the test for whether an interrogatory containing subparts should be treated as a single interrogatory is whether the subparts all have a common theme," C & N Corp. v. Kane, No. 12-C-0257, 2013 WL 74366, at *3 (E.D. Wis. Jan. 7, 2013) ("[A]n interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question, although the breadth of the area inquired about may be disputable. On the other hand, an interrogatory with subparts inquiring into discrete areas is

8

interrogatories has received permission from the court to exceed that number. Fed. R. Civ. P. 33(a)(1). This court's Civil Local Rule 33 provides that "[m]ore than 25 interrogatories may be served on a party only if that party agrees in writing or the Court so orders" and explains that if the parties cannot agree to additional interrogatories, "the party seeking to serve additional interrogatories may move the Court for permission to serve additional interrogatories." Civil L.R. 33(a)(3). A party seeking leave to serve more than 25 interrogatories must make a "particularized showing" of why the discovery is necessary. See Archer Daniels Midland Co. v. Aon Risk Servs. Inc. of Minn., 187 F.R.D. 578, 586 (D. Minn. 1999) (citations omitted).

Because the court has no basis for granting the defendants' motion to compel—they did not comply with the meet-and-confer requirement, did not file a supporting brief (or a certification that they were not going to file one) and did not provide the court with specific information about the deficiencies they allege in the discovery they have received, the court has no basis for holding a hearing. The court will deny as moot the defendants' motion requesting one.

Finally, it took the court longer than it should have to rule on the defendants' motion to compel and request for a hearing. The defendants filed the motions in February and they were fully briefed by March 6, 2023—just over three weeks before the deadline for completing discovery. On April 24, 2023—three weeks after the discovery deadline—the defendants filed a motion

---

likely to be counted as more than one for purposes of the limitation." (quoting 8B Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure §2168 at 39-40 (3d 2010)).

to recuse the undersigned. Dkt. No. 23. They asserted that the undersigned had "continued denying" their right to discovery, and had "intentionally denied" them a meaningful opportunity to prepare a defense. Id. at ¶1. They indicated that they had contacted the "court clerk" twice to ask about a hearing date— once before the motions were fully briefed and a second time the day after it was fully briefed—but that they never received a hearing date. Id. at p. 2. They assert that for this reason, "a recusal is mandated." Id. at 1.

The court should have acted more quickly on the defendants' motion and regrets that it did not do so. But that failure was not intentional, nor was it for the purpose of prejudicing the defendants. The court's case load sometimes prevents it from acting as quickly as it would like on some pleadings. The defendants could have filed a motion asking the court to extend the discovery deadline until the court could rule on their motion; they did not do so. As a consequence, the discovery deadline passed without the court giving the defendants a ruling.

But though the court could have acted more promptly, the defendants provide no authority for their motion to recuse. There are two statutes that allow litigants to request recusal: 28 U.S.C. §144 and 28 U.S.C. §455. Section 144 requires a party to file a "timely and sufficient affidavit" show that the "judge before who the matter is pending has a personal bias or prejudice" either against the moving party or in favor of the opposing party. That affidavit must "state the facts and reasons for the belief that bias or prejudice exists," and must be accompanied "by a certificate of counsel of record stating that it is

10

made in good faith." The defendants cited 28 U.S.C. §1746 in their motion, but provide no facts or reasons for their belief that the undersigned has a *personal* bias or prejudice against them, or in favor of the plaintiff. Nor did they provide a certification that the motion was filed in good faith. The Seventh Circuit has held that it "strictly" enforces the "strict procedural demands" of §144—the defendants' motion does not meet those demands. United States v. Barr, 960 F.3d 906, 919 (7th Cir. 2020) (citing United States v. Barnes, 909 F.2d 1059, 1072 (7th Cir. 1990)).

Section 455 requires a judge to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned," and in cases where the judge has a conflict or a personal bias. This court has no personal bias against the defendants (it does not know them and never has had a case with them); the court has no personal bias in favor of the plaintiff and the undersigned is unaware of any conflict of interest. The defendants have identified no conflict of interest and again, no personal bias. The defendants have alleged that the court did not timely rule on their motions. They are correct, but "judicial rulings alone are almost never a valid basis for a recusal motion." Barr, 960 F.3d at 920 (citing Liteky v. United States, 510 U.S. 540, 555 (1994)). The court will deny the defendants' motion for the undersigned to recuse.

The plaintiff has filed a motion for summary judgment. Dkt. No. 24. The parties have briefed the motion, and the plaintiff has asked the court to strike

11

the defendants' sur-reply. Dkt. No. 37. The court will issue a separate ruling on the motion for summary judgment.

The court **DENIES** the defendants' "Motion to Compel Plaintiff for Full and Complete Discovery Response." Dkt. No. 15.

The court **DENIES** the defendants' "Request for Hearing [on their] Motion to Compel." Dkt. No. 16.

The court **DENIES** the defendants' "Motion to Recuse Judge Pamela Pepper." Dkt. No. 23.

Dated in Milwaukee, Wisconsin this 26th day of September, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**