UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 22-cv-621-pp

v.

MARK D. PETERS and ROSEMARY L. PETERS,

Defendants.

---

**ORDER DENYING DEFENDANTS' MOTIONS TO REOPEN CASE AND FOR RELIEF FROM JUDGMENT (DKT. NOS. 62, 62-1), DENYING DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT (DKT. NO. 63) AND DENYING DEFENDANT MARK PETERS'S MOTION FOR MORE DEFINITE STATEMENT (DKT. NO. 69)**

---

On March 31, 2024, the court granted the plaintiff's motion for summary judgment on Count 1 of the complaint and entered judgment in favor of the plaintiff against the defendants, jointly and severally, for the tax year 2008 in the amount of $120,165.85 (plus statutory additions accruing after May 11, 2023). Dkt. No. 44 at 26. The court also granted summary judgment on Count II of the complaint in favor of the plaintiff and against Mark D. Peters for the tax years 2009, 2010 and 2011 in the amount of $137,690.09 (plus statutory additions accruing after May 11, 2023). Id. at 26. Finally, the court granted summary judgment on Count III in favor of the plaintiff and against Rosemary L. Peters for the tax year 2009 in the amount of $17,016.59 (plus statutory additions accruing after May 11, 2023). Id. at 27. The defendants appealed,



Case 2:22-cv-00621-PP Filed 10/26/26 Page 1 of 9 Document 72

dkt. no. 46, and the Seventh Circuit Court of Appeals dismissed the appeal, dkt. no 56.

Almost two years later, on March 5, 2026, the defendants filed unsigned motions to reopen the case, dkt. no. 62, and for relief from judgment, dkt. no. 62-1, a separate unsigned motion for relief from judgment, dkt. no. 63, and a memorandum in support of those motions, dkt. no. 64. The plaintiff responded to the motions, dkt. no. 66, and the defendants filed a reply, dkt. no. 68. On May 6, 2026, the defendants filed a motion for a more definite statement, dkt. no. 69, the plaintiff responded, dkt. no. 70, and the defendants filed an "exhibit appendix," dkt. no. 71.

## I. Defendants' Motion to Reopen Case and Motions for Relief from Judgment (Dkt. No. 62, 63)

### A. Defendants' Motions and Memorandum (Dkt. Nos. 62-64)

On March 5, 2026, Mark Peters filed an unsigned motion to reopen the case, dkt. no. 62, and an unsigned motion for relief from judgment, dkt. no. 62-1, as well as a separate unsigned motion for relief from judgment, dkt. no. 63, and a signed memorandum in support, dkt. no. 64.[1] There are a couple of problems with these filings. First, the motions are unsigned. Under the signature line, someone typed "/s/Mark D. Peters," which is not a valid signature. Mark Peters must sign all papers he files in this case by handwriting his legal name. See Federal Rule of Civil Procedure 11(a) ("Every pleading,

[1] Despite the fact that the motions and memorandum are purportedly filed on behalf of both Mark D. Peters and Rosemary L. Peters, the only signature block on each filing is for Mark D. Peters.

written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party."); Becker v. Montgomery, 532 U.S. 757, 764 (2001) (Rule 11(a)'s signature requirement indicates "a name handwritten"). Second, Mark Peters, who represents himself and is not a lawyer, cannot represent someone else in federal court—even if the other person is a close family member (such as Rosemary L. Peters). The court could deny both motions for these reasons.

But the court will address the motions so that the defendants understand why there is no factual or legal basis for the court to reopen, revisit or vacate the judgment. In each of the motions, Mark Peters argues that the Internal Revenue Service issued a Release from Levy on November 17, 2025. Dkt. No. 62 at 2. He asserts that this "constitutes a satisfaction, release, or discharge of the judgment." Id. Mark Peters explains that the "'NOTICE OF RELEASE OF LEVY', was recorded with the Register of Deeds in Racine County, Wisconsin." Id. He argues that the "USDC Clerk of Court refused to file the Motion for Relief from Judgment, advising that the case was administrative closed." Id. at 3. He asserts that good cause exists to reopen the case under Rule 60(b)(5) because "the IRS's own administrative action has rendered continued enforcement of the judgment inequitable and unnecessary." Id.

The separate, thirty-eight-page, signed memorandum addresses the court's subject-matter jurisdiction and reasserts Mark Peters's belief that there is "no delegated federal authority, no implementing federal regulation . . . and

no proof that Congress empowered Treasury to regulate private citizens under §7203." Dkt. No. 64 at 7. Mark Peters believes that the IRS "misuses §7212 as a 'catch-all' enforcement weapon" when the statute is nothing more than an "excise tax enforcement statute that has been misapplied against private Americans for decades." Id. at 8. He explains that "if a jury learned that the regulations do not exist, any IRS prosecution would collapse instantly since without delegation ('no taxation without representation'), there is no willfulness, without willfulness, there is no crime." Id. at 11.

The memorandum also addresses "in persona jurisdiction." Id. at 14. Mark Peters argues that the defendants were "improperly impleaded by an abbreviated name, MARK D. PETERS/ROSEMARY L. PETERS," and suggests that these names "do not match any official government record." Id. It appears that he takes issue with the use of a middle initial; he argues that the plaintiff must use his full Christian name to be "essential." Id. at 14. Mark Peters further explains that any American can choose to be one of eight different political "statuses by sovereignty ranking: 1) a people (singular); 2) national of a state; 3) American national; 4) state citizen; 5) U.S. citizen; 6) U.S. national; 7) resident alien; 8) denizen." Id. at 17-18. He asserts that he "can choose between God's Laws or man's laws." Id. at 25. He recounts American history and discusses the exercise of religious beliefs. Id. at 26-35.

B. Plaintiff's Response (Dkt. No. 66)

Citing various provisions of Fed. R. Civ. P. 60(b), the plaintiff responds that the defendants have failed to articulate any basis for setting aside the

judgment. Dkt. No. 66 at 1. The plaintiff states that the judgment has not been satisfied, released or discharged. Id. at 3. The IRS initially began to levy the defendants' Social Security income but later released the levy. Id. According to the plaintiff, the defendants still owe the federal income taxes underlying the court's judgment for every tax year at issue in the case. Dkt. No. 67 at ¶6. Additionally, the plaintiff asserts that the defendants cannot rely on Rule 60(b)(5)'s equitable component as a basis for the court to reconsider its decision because money judgments do not have an prospective application. Id. at 5 (citing Agostini v. Felton, 521 U.S. 203, 239 (1997) ("The clause of Rule 60(b)(5) that petitioners invoke applies by its terms only to 'judgment [s] hav[ing] prospective application.'")).

The plaintiff argues that the defendants cannot rely on Rule 60(b)(6), which "only applies when a movant's claim for relief is not already covered by 60(b)(1)-(5)," because the defendants' contentions, though not falling under the ambit of 60(b)(1)-(5) and which can only be considered under 60(b)(6), lack merit and the court already had addressed most of the arguments prior to entering judgment. Id. at 6. It recounts that the court determined it had subject-matter jurisdiction over the case and that it had personal jurisdiction over the defendants as residents of Union Grove, Wisconsin. Id.

Finally, the plaintiff states that if Mark Peters's last argument can be construed as a protest against paying federal taxes on religious grounds, "[w]hile the Free Exercise Clause of the U.S. Constitution protects a person's right to hold any religious belief, it does not give anybody the right to act in a

manner contrary to the law, including shirking his obligation to pay federal income taxes." Id. (citing U.S. Const. amend. I; United States v. Indianapolis Baptist Temple, 224 F.3d 627, 629 (7th Cir. 2000)).

The plaintiff filed the declaration of IRS agent Amy Hart (using a pseudonym), who explained that her responsibilities include reviewing records and verifying information with respect to taxpayers' federal tax accounts. Dkt. No. 67 at 1. She attached true and correct copies of the defendants' tax accounts reflecting the federal income tax liabilities that remain due and owing. Id. at 1-2 (citing Dkt. No. 67-1).

C. Defendants' Reply (Dkt. No. 68)

Mark Peters filed a signed reply on behalf of himself and Rosemary Peters, reasserting his belief that the court lacks jurisdiction. Id.

D. Discussion

"Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (quoting Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005)). Rule 60(b) allows a court to grant relief from a judgment for any of six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Mark Peters argues that Rule 60(b)(5) applies because the judgment has been satisfied, released or discharged. But the declaration filed by the IRS agent proves that is not the case. The plaintiff has explained that the government initially sought to levy the defendants' Social Security income but released that levy, even though the tax liability (reduced to judgment) remains due and owing. The declaration from the IRS agent shows that the judgment has not been satisfied, released or discharged. This court already has addressed the defendants' arguments regarding jurisdiction. Dkt. No. 44 at 26. The court explained that "the government's authority to tax and the judiciary's authority to adjudicate cases are established by the United States Constitution." Id.

None of Rule 60(b)'s enumerated grounds for relief from a judgment apply here.

## II. Defendant Mark Peters's Motion for More Definite Statement (Dkt. No. 69)

Mark Peters filed an additional motion for a more definite statement, arguing that the plaintiff's "tax deficiency allegations, answer or other responsive pleading is vague and ambiguous" and that it prevents the defendants from "fully framing a response or narrowing issues." Dkt. No. 69 at 2. He refers to the "plaintiff's motion to dismiss" and argues that the "plaintiff's position appears to assert unsupported presumptions regarding all of defendant's income, capacity, status, etc allegedly subject to taxation under IRC." Id. at 2-3. He reasserts his arguments about political status and says

that he claimed, "as a matter of record, he owes no allegiance, fealty, duty, obligation or voluntary compliance to plaintiff." Id. at 8. He cites the Due Process Clause under the Fifth and Fourteenth Amendments. Id. at 9. He adds that if the court disagrees with his position, the defendants can "simply provide a 1099(a) or (c) to the plaintiff or deposited into this US court's registry and this matter will be concluded with all finality." Id. at 10.

The plaintiff responds that the court should deny the motion for a more definite statement because there is "no cognizable motion in a post-judgment context." Dkt. No. 70 at 2. The plaintiff argues that the motion is untimely given that the defendants answered the complaint and judgment was entered against them. Id. The plaintiff points out that a Fed. R. Civ. P. 12(e) motion for a more definite statement must be made before answering the complaint—not, as in this case, after the defendants answered and lost on summary judgment. Id. at 2 (citing Fed. R. Civ. P. 12(e)).

The court will deny the motion. Rule 12(e) allows a party to "move for a more definite statement of a pleading" if the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The rule requires that the movant must file the motion "before filing a responsive pleading and must point out the defects complained of and the details desired." Id. Mark Peters refers to a motion to dismiss, but the plaintiff did not file a motion to dismiss in this case. The court granted the plaintiff's motion for *summary judgment*, dkt. no. 44, after the defendants had an opportunity to file a brief in opposition, with exhibits, dkt. nos. 31, 33. To the extent that Mark

Peters is trying to argue that his tax liability requires clarification, the court already has entered judgment in favor of the plaintiff on the defendants' tax liability. The motion for a more definite statement is untimely.

## III. Conclusion

The court **DENIES** the defendants' unsigned motions to reopen case and motion for relief from judgment. Dkt. Nos. 62, 62-1.

The court **DENIES** the defendants' unsigned motion for relief from judgment. Dkt. No. 63.

The court **DENIES** defendant Mark Peters's motion for more definite statement. Dkt. No. 69.

Dated in Milwaukee, Wisconsin this 26th day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**